<pre>
 1                    UNITED STATES DISTRICT COURT
                     SOUTHERN DISTRICT OF TEXAS
 2                        HOUSTON DIVISION

 3   UNITED STATES OF AMERICA      .  CR. NO. H-11-30
                                   .  HOUSTON, TEXAS
 4   VS.                           .
                                   .
 5   HOSSEIN LAHIJI, M.D.          .  JANUARY 24, 2014
     NAJMEH VAHID LAHIJI           .  1:28 P.M. to 1:53 P.M.
 6

 7
                       TRANSCRIPT of SENTENCINGS
 8             BEFORE THE HONORABLE MELINDA HARMON
                    UNITED STATES DISTRICT JUDGE
 9


10   APPEARANCES:

11
     FOR THE GOVERNMENT:             MS. CAROLYN FERKO
12                                   U.S. Attorney's Office
                                     1000 Louisiana
13                                   Suite 2300
                                     Houston, Texas   77002
14

15
     FOR DEFENDANT HOSSEIN LAHIJI:   MR. MICHAEL W. MCCRUM
16                                   McCrum Law Office
                                     700 North St. Mary's Street
17                                   Suite 1900
                                     San Antonio, TX   78205
18

19
     FOR DEFENDANT NAJMEH VAHID
20   LAHIJI:                         MR. M. ANDRES SANCHEZ-ROSS
                                     Foreman, DeGeurin & DeGeurin
21                                   300 Main Street
                                     Third Floor
22                                   Houston, Texas   77002

23

24
     Proceedings recorded by mechanical stenography, transcript
25   produced by computer-aided transcription.
</pre>

1                        APPEARANCES CONTINUED

2

OFFICIAL COURT REPORTER:              MS. KATHY L. METZGER
3                                     U.S. Courthouse
                                      515 Rusk
4                                     Room 8004
                                      Houston, Texas   77002
5                                     713-250-5208

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

```
1                    P R O C E E D I N G S
2         THE COURT:  The next case is the United States versus
3   Hossein Lahiji and Najmeh Vahid Lahiji, Criminal No. H-11-30,
4   Defendants 1 and 2.
5         MS. FERKO:  Good afternoon, Your Honor.  Carolyn Ferko
6   for the United States.
7         THE COURT:  Good morning -- afternoon.
8         MR. MCCRUM:  Good afternoon, Your Honor.  Mike McCrum
9   here for Dr. Lahiji.  He's here.
10        THE COURT:  Good afternoon.
11        MR. SANCHEZ:  Andres Sanchez, Your Honor, for Najmeh
12  Lahiji.  And Mike DeGuerin and I represent Najmeh Lahiji and as
13  local counsel for Erich Ferrari --
14        THE COURT:  All right.
15        MR. SANCHEZ:  -- who's out of D.C.
16        THE COURT:  Okay.  You all have -- Dr. and
17  Mrs. Lahiji, you have each waived your right to have a full
18  presentence report prepared in your case; is that right?
19        DEFENDANT HOSSEIN LAHIJI:  Yes.
20        DEFENDANT NAJMEH LAHIJI:  Yes.
21        THE COURT:  Mr. Lahiji -- I mean, Dr. Lahiji?
22        DEFENDANT HOSSEIN LAHIJI:  Yes, Your Honor.
23        THE COURT:  Mrs. Lahiji?
24        DEFENDANT NAJMEH LAHIJI:  Yes, Your Honor.
25        THE COURT:  So I'm going to -- and I have granted that
```

1   motion.  I believe I have enough information to pronounce

2   sentence at this time so that we can dispose with the effort of

3   and the time necessary to prepare these presentence reports.

4        MS. FERKO:  Your Honor, before we begin, I want -- the

5   government has filed in advance, on Tuesday, the notice of

6   intent to request for the judicial removal.

7        THE COURT:  Yes.

8        MS. FERKO:  At this time would the Court entertain

9   accepting the defendant's plea statement in support of that

10  removal?  It has to be signed by each defendant and

11  their attorney and if we could just do that in advance of the

12  sentencing.

13       THE COURT:  Sure.  If you all would go ahead and

14  execute those, that would be fine.

15       MS. FERKO:  And, Your Honor, I have them paper clipped

16  because I didn't -- I know scanning and stuff, like I filed

17  everything, but these are the original copies.  And that's for

18  Dr. Lahiji.  And let me get Mrs. Lahiji's.

19       THE COURT:  All right.  I have the two statements

20  signed.

21       MS. FERKO:  Thank you, Your Honor.

22       THE COURT:  Okay.  Mr. -- I mean, Dr. and Mrs. Lahiji,

23  each of you in a previous proceeding were found guilty of Count

24  1 of a third superseding indictment, conspiracy to commit

25  health fraud -- health care fraud, in violation of 18, United

1  States Code, Sections 1349 and 1347 and 2, and Count 4 of a

2  third superseding indictment, conspiracy to violate the Iranian

3  Sanctions, in violation of 50, United States Code, Section

4  1705(a) and (c) and 31 CFR Sections 560.203, 560.202, and

5  560.207.

6            Have you-all -- have they received a copy of

7  this --

8            MR. MCCRUM:  The worksheet?

9            THE COURT:  -- of this worksheet?

10           MR. MCCRUM:  Yes, Your Honor.

11           THE COURT:  And have y'all -- Dr. Lahiji, have you had

12  a chance to read over the copy of this worksheet?

13           DEFENDANT HOSSEIN LAHIJI:  Yes, Your Honor.

14           THE COURT:  And, Mrs. Lahiji, have you also had a

15  chance to go over the copy of the worksheet?

16           DEFENDANT NAJMEH LAHIJI:  Yes, Your Honor.

17           THE COURT:  All right.  The probation officer worked

18  out a basis offense level of -- well, let me see here.

19           MR. SANCHEZ:  I think it's on the last page.

20           THE COURT:  I'm sorry.  No, I have it here.  I'm just

21  very slow and clumsy with paper, which is a very bad trait for

22  me to have, but that's the way it is.

23            All right.  The probation officer for Mrs. Lahiji

24  found a total offense level of 18, criminal history category of

25  I, which gives an imprisonment range of 27 to 33 months.

1          And Dr. Lahiji, a total offense level of 20,

2     criminal history category of I, which gives a guideline range

3     of 33 to 41 months.

4          However, the government has filed -- or you-all

5     have signed a plea agreement that allows you to withdraw your

6     plea of guilty if I don't sentence you to a certain agreed

7     amount of time.  And I am going to sentence you to the agreed

8     amount of time, so I don't think there's any reason to delay

9     and say anything more --

10         *MS. FERKO:*  Okay, Your Honor.

11         *THE COURT:*  -- unless you-all want to say something.

12    Dr. Lahiji, would you like to say something before I pronounce

13    sentence?

14         *DEFENDANT HOSSEIN LAHIJI:*  No.  Thank you.

15         *THE COURT:*  Mrs. Lahiji, would you like to say

16    something before I pronounce sentence?

17         *DEFENDANT NAJMEH LAHIJI:*  No, Your Honor.

18         *THE COURT:*  All right.  Pursuant to Rule 32, the Court

19    finds that the information in the record enables it to

20    meaningfully exercise its sentencing authority under 18, United

21    States Code, Section 3553(a).

22         The Court concludes that the total offense level

23    substantially overstates the seriousness of the offense and

24    pursuant to United States Sentencing Guidelines Section 2K2,

25    the Court grants a downward departure based on the defendant's

1   background, including history and characteristics of the

2   defendant, and the Court finds that a sentence -- for each

3   defendant, a sentence of 12 months and 1 day as outlined and

4   agreed to by both parties in the Rule 11(c)(1)(C) plea

5   agreement is sufficient but not greater than necessary to

6   adequately reflect the seriousness of the offense, promote

7   respect for the law, provide deterrence to future criminal

8   conduct, and addresses each defendant's background and

9   characteristics as outlined in 18, United States Code, Section

10   3553(a).

11            Pursuant to the Sentencing Reform Act of 1984, it

12   is hereby -- I'm sorry.  It is the judgment of the Court that

13   the defendant, Hossein Lahiji, M.D., and Najmeh Vahid Lahiji

14   are hereby committed to the custody of the Bureau of Prisons to

15   be imprisoned for a term of 12 months and 1 day as to each of

16   Counts 1 of the third superseding indictment and 4 of the third

17   superseding indictment to run concurrently, for a total

18   sentence of 12 months and 1 day.  And these sentences are also

19   joined concurrently to the sentences imposed in Oregon Docket

20   No. 3:10cr506.  Defendants 1 and 2?

21            MR. MCCRUM:  Yes, Your Honor.

22            MS. FERKO:  Yes, Your Honor.

23            THE COURT:  There's a misprint here.

24            MS. FERKO:  That's correct.

25            THE COURT:  Okay.

1          *MS. FERKO:*  Your Honor, and the government would also

2     ask that it be followed by the requisite term of three years of

3     supervised release.

4          *THE COURT:*  All right.  Upon release from

5     imprisonment, each defendant shall be placed on supervised

6     release for a term of three years as to each of Counts 1 of the

7     third superseding indictment and 4 of the third superseding

8     indictment to run concurrently, for a total term of three

9     years.

10              Within 72 hours of release from the custody of

11    the Bureau of Prisons, each defendant shall report in person to

12    the probation office in the district to which the defendant is

13    released.

14              While on supervised release each defendant shall

15    not commit another federal, state, or local crime; shall comply

16    with the standard conditions that have been adopted by this

17    Court under General Order No. H 1996-10; abide by any mandatory

18    conditions required by law; and shall comply with the following

19    additional conditions:  Neither defendant shall possess a

20    firearm, ammunition, destructive device, or any other dangerous

21    weapon.

22              Each defendant shall cooperate in the collection

23    of a DNA sample from each defendant if the collection of such a

24    sample is authorized pursuant to Section 3 of the DNA Analysis

25    Backlog Elimination Act of 2000.

1          If deported, neither defendant is to reenter the

2    United States illegally.  If a defendant is deported during the

3    period of supervised release, supervision by the probation

4    officer becomes inactive.  If the defendant returns, the

5    defendant shall report to the nearest United States probation

6    office immediately.  Supervision by the probation office

7    reactivates automatically upon the defendant's reporting.

8          Each defendant is required to provide the

9    probation officer access to any requested financial

10   information, and the defendant -- each defendant is prohibited

11   from incurring new credit charges or opening additional lines

12   of credit without approval of the probation officer, unless the

13   defendant is in compliance with the fine or restitution payment

14   schedule.  Each defendant is prohibited from possessing a

15   credit access device, such as a credit card, unless first

16   authorized by the probation officer.

17          It is further ordered that the defendant -- each

18   defendant pay restitution jointly and severally with the

19   codefendant in the total amount of $703,524.74 to Medicare and

20   100 -- I'm sorry.  That --

21          MS. FERKO:  Your Honor, there's a list of the

22   individuals for the victims beginning with Medicare and going

23   to Medicaid -- would you like me read them for the record or --

24          THE COURT:  Well, I've got it here, I think, but I

25   think something has been left out.  Let me ask the probation

1    officer just to see what I'm reading wrong here.

2           *PROBATION OFFICER:*  Your Honor, the list that's there

3    is Medicare, Medicaid, Blue Cross/Blue Shield of Texas, Aetna,

4    United Health Care, and Humana.

5           *THE COURT:*  Okay.  So the total amount is $703,524.74.

6           *PROBATION OFFICER:*  That's right.

7           *THE COURT:*  And that is made up with $469,548.74 to

8    Medicare; $153,508.95 to Medicaid; $51,558.21 to Blue

9    Cross/Blue Shield of Texas; $13,003.63 to Aetna; $9,239.34 to

10   United Health Care; and $6,665.87 to Humana as specifically

11   outlined in the final judgment.

12          It is further ordered that each defendant shall

13   pay to the United States a special assessment of $200.

14          It is further ordered that each defendant shall

15   pay a fine in the amount of 200 -- 2 million --

16          *MS. FERKO:*  Each -- Your Honor, for each defendant

17   it's $1,250,000 --

18          *THE COURT:*  Okay.

19          *MS. FERKO:*  -- for a total of 2.5 million dollars.

20          *THE COURT:*  Okay.  So it's further ordered that each

21   defendant shall pay a fine in the amount of 100 -- I'm sorry,

22   $1,250,000 as to each of Counts 1 and 4 of the third

23   superseding indictment to run concurrently, for a total fine

24   for each defendant of $1,250,000.

25          Having assessed the defendants' ability to pay,

1   payment of the total criminal monetary penalties shall be due

2   as follows:  Each defendant shall make a lump sum payment of

3   $1,953,000 -- $1,953,724.74 due immediately, of which

4   $703,524.74 of which is to be jointly and severally owed by the

5   codefendants individually and payment is to be made to the

6   United States District Clerk, Southern District of Texas.

7               MS. FERKO:  That's correct, Your Honor.

8               THE COURT:  What?

9               MR. SANCHEZ:  That's right.  Yes, I agree.

10              MR. MCCRUM:  Just so that we're all --

11              THE COURT:  Do you find something comical about my

12  reading of all these numbers?

13              MR. SANCHEZ:  No, we're -- I think we got a little

14  confused, but you cleared it up, that there's only one payment

15  of the 703,000.

16              THE COURT:  Right.  Right.

17              MR. SANCHEZ:  So that's --

18              MR. MCCRUM:  For total moneys paid of $2,500,000 plus

19  $703,524.74.

20              THE COURT:  Right.

21              MR. MCCRUM:  Plus the $200 assessment.

22              MS. FERKO:  For each.

23              MR. MCCRUM:  A total between -- for everybody

24  collectively.

25              THE COURT:  Right.  Don't get me mixed up here.  I

1   think I understand it now.

2             Dr. and Mrs. Lahiji, to the extent you have not

3   waived your right to appeal, you have the right to appeal your

4   conviction and your sentence.  If you do not have the funds to

5   pay for an attorney, one will be provided for you at

6   government's expense, along with any transcripts or other

7   documents necessary for such an appeal.

8        *MS. FERKO:*  And there is such waiver, Your Honor.

9   They've waived it.

10       *THE COURT:*  I know, but I have to say that.

11       *MS. FERKO:*  I understand.

12       *THE COURT:*  And I've signed these -- let me make sure

13  I've got this.  I have signed the judicial order of removal for

14  each of the defendants.  Did you want me to sign them now?

15       *MS. FERKO:*  Well, Your Honor, we actually -- for

16  Dr. Lahiji, if you could sign first just for technicality

17  purposes the order revoking his citizenship and then followed

18  by the judicial order of removal.  I have copies here, if the

19  Court needs an extra, to hand up.

20       *THE COURT:*  Okay.  Let me see here.

21       *MS. FERKO:*  And all copies have been provided to

22  defense counsel and their clients.

23       *THE COURT:*  Let me see here what I've got.

24       *MS. FERKO:*  And, Your Honor, just related to the order

25  revoking citizenship, Your Honor, the Court would -- or the

1   government would ask if the Court would impose that Dr. Lahiji

2   hand over his -- the certificate of naturalization within ten

3   days and any other documents.  They ask for voting -- any

4   voting documents he would have, registration cards, and that

5   could be either handed to the -- I'm not sure where they're

6   going to be -- either the FBI office in McAllen, Texas, or the

7   U.S. Attorney's Office and, you know, to my attention for those

8   documents.  And then essentially the government's position

9   would be if we do not receive those items in that ten-day

10  period, we will be asking -- right now, Your Honor, the

11  government is asking that the defendants surrender themselves

12  at the time B.O.P. determines where they're going to serve.

13          *THE COURT:*  So they're going to have voluntary

14  surrender?

15          *MS. FERKO:*  Yes, Your Honor.

16          *THE COURT:*  Okay.

17          *MS. FERKO:*  And, again, if we don't receive the

18  documents in ten days, then we would come to the Court and it

19  would be -- we would deem it a violation of the plea agreements

20  and ask for a revocation of their bond.

21          *THE COURT:*  Okay.

22          *MR. MCCRUM:*  With respect to that, Judge, it's our

23  understanding that the government is in possession of those

24  documents, but we will check immediately.

25          *MS. FERKO:*  And I believe that is correct.  I just

1   need to -- I want to put on the record, Your Honor, if he has

2   gotten another copy.  At the time, you know, we did the search,

3   it's been a couple of years, and I just wanted to make sure

4   that nothing else was gotten or received.

5           THE COURT:  Okay.  All right.  So you want me to sign

6   the order revoking Dr. Lahiji's --

7           MS. FERKO:  Citizenship.

8           THE COURT:  -- citizenship?

9           MS. FERKO:  Yes, Your Honor, first.

10          THE COURT:  Okay.

11          MS. FERKO:  And then the order of removal.

12          THE COURT:  All right.  Well, I've signed that.

13          MS. FERKO:  Thank you, Your Honor.

14          THE COURT:  And I've signed the -- I think this is in

15  the right order.

16          MS. FERKO:  Okay.

17          THE COURT:  Why don't -- Mr. Vazquez, could you hand

18  these to Ms. Ferko and let her look them over to make sure

19  we've got everything together for each of the two defendants.

20          MS. FERKO:  Your Honor, there's just one signature.

21  It's basically on the factual allegations in support of the

22  judicial removal that was presented by me when I filed it, but

23  we do ask for your signature on it that shows that you --

24          THE COURT:  Okay.

25          MS. FERKO:  -- saw it in addition to the order.  The

1   order is repetitive, but just to cover all of the bases.

2        *THE COURT:*  Okay.  All right.  And then you can keep

3   that one.  And then these are the ones for Mrs. Lahiji, I

4   believe.  Let's see if -- hand those to Ms. Ferko, and let's

5   see if I get it right for Mrs. Lahiji.

6        *MS. FERKO:*  That's correct, Your Honor.  Thank you.

7        *THE COURT:*  All right.  Do you-all want these filed

8   under seal or --

9        *MS. FERKO:*  Your Honor, no, they can be filed in the

10   public record, that's fine.

11        *THE COURT:*  Okay.

12        *MS. FERKO:*  Thank you.

13        *THE COURT:*  All right.

14        *MR. MCCRUM:*  There's a couple matters I need to

15   address, Judge, at the appropriate time.

16        *THE COURT:*  Sure.

17        *MR. MCCRUM:*  Three things, Judge.  I just want to make

18   sure that it was the Court's intent that the terms of

19   supervised release also would run concurrent with the

20   supervised release terms imposed in Portland.

21        *THE COURT:*  Oh, okay.  Yes, I did intend that the

22   supervised release would run concurrently with the supervised

23   release that was given out in the Oregon case.

24        *MR. MCCRUM:*  Okay, Judge.  Thank you.  And then,

25   secondly, that because the agreements contemplate that they

1   will leave the country within 21 days from the date of release

2   from the Bureau of Prisons, it would be a nonreporting

3   supervised release in that instance?

4           THE COURT:  Yeah, I think so.  I mean --

5           MS. FERKO:  I think that's correct, Your Honor, at

6   this time.  Obviously if there's a problem after 21 days, we'll

7   be aware of it.

8           THE COURT:  Yeah, right.  Right, right.

9           MR. MCCRUM:  And then finally, Judge, the only

10  questions that my client has and I believe Mr. Sanchez's client

11  has, is that is it the intent of these judicial orders of

12  removal, that they will retain legal status in the United

13  States up through that 21-day period following their release,

14  that is, that they still are allowed to be in the country for

15  that 21-day period after they're released from the Bureau of

16  Prisons?

17          MS. FERKO:  Yes, Your Honor, according to all the

18  documents and with Immigration Customs Enforcement, those

19  judicial orders do not actually become -- do not become

20  judicial orders of removal until they're released from

21  imprisonment, the date of release and then not until 21 days

22  thereafter.

23          THE COURT:  Okay.

24          MS. FERKO:  That's that 21-day period they have to

25  self deport back to Iran.

1          *THE COURT:*  Yeah.

2          *MS. FERKO:*  So at that time then they will -- so the

3    orders are covered and that has been explained on every level

4    of -- you know, through our immigration, ICE here in Texas and

5    in D.C.  So everyone is well aware of that and that's the

6    conditions of the order.

7          *MR. MCCRUM:*  And that's the effect of the last clauses

8    of the Judge's order of removal here.

9          *MS. FERKO:*  That's correct.

10         *MR. MCCRUM:*  And that's -- okay.  We're all on the

11   same page, Judge.

12         *THE COURT:*  Yeah.  Okay.

13         *MR. SANCHEZ:*  Your Honor --

14         *MS. FERKO:*  Go ahead.

15         *MR. SANCHEZ:*  -- there is one last thing.  We were

16   going to ask that the Court make a recommendation as to

17   locations, but we're still trying to find out -- find two

18   locations that are relatively close to each other, that one has

19   a male and one has a female population, so when family members

20   come to visit, they don't have to visit two separate parts.

21         *THE COURT:*  They don't have to travel long distances.

22         *MR. SANCHEZ:*  But we're looking that up and we hope to

23   have -- I think it's going to be Bryan and Beaumont.  Well,

24   it's not close, but it's closer than East Coast/West Coast.

25         *THE COURT:*  Right.

1          *MR. SANCHEZ:*  But we hope to give that to Ms. Jones.

2          *MS. FERKO:*  And the government believes, Your Honor,

3     that the State of Texas can facilitate that need, so -- based

4     upon what level they're going to be, you know, as deemed by the

5     Bureau of Prisons.  So I think --

6          *THE COURT:*  So do you want me to make a recommendation

7     for that?

8          *MR. SANCHEZ:*  I do, Your Honor, and I understand that

9     it goes in the judgment if --

10         *THE COURT:*  Right.

11         *MR. SANCHEZ:*  -- and so we don't have the exact spot

12    yet, but we can have it by Monday and give it to Ms. Jones, who

13    will prepare the judgment, if that's workable for you.

14         *THE COURT:*  Okay.  I'll recommend that Dr. Lahiji and

15    Mrs. Lahiji be designated to a facility as close together as

16    possible, preferably in the state of Texas.  Will that do it?

17         *MR. MCCRUM:*  I spoke with Ms. Jones just prior to the

18    hearing and she had already made a phone call to the Bureau of

19    Prisons and she said I think what might work best is there's a

20    camp facility in Bryan for Mrs. Lahiji and there's a camp

21    facility in Beaumont for Dr. Lahiji, which would be in rather

22    somewhat close proximity to each other.

23         *MR. SANCHEZ:*  So then if, I guess -- I thought that

24    was going to be the end result.  So if then we can make that

25    the end result, the Court can recommend Bryan for Ms. Lahiji

1    and --

2              THE COURT:  Okay.  I can make that recommendation.  I

3    can recommend for Mrs. Lahiji Bryan and for Dr. Lahiji

4    Beaumont --

5              PROBATION OFFICER:  Yes, Your Honor.

6              THE COURT:  -- in each of their -- in each of the two

7    judgments.

8              PROBATION OFFICER:  Yes, Your Honor.

9              THE COURT:  Yeah.

10             PROBATION OFFICER:  And if that should change between

11   now and Monday, I can change it --

12             THE COURT:  Okay.

13             PROBATION OFFICER:  -- on the judgment.  I'll turn the

14   judgment in on Monday.

15             THE COURT:  Okay.  All right.

16             MR. SANCHEZ:  Thank you, Your Honor.

17             THE COURT:  All right.  Anything else?

18             MS. FERKO:  Your Honor, just one last thing.  In

19   contemplation of the plea agreement, that the defendants still

20   have ten days from today, they need to withdraw -- file a

21   withdrawal of their appeal in Oregon and also a dismissal of

22   the civil matter that's pending in our McAllen court down in

23   South Texas.

24             THE COURT:  Okay.  All right.  Thank you all.

25             MS. FERKO:  Thank you, Your Honor.

1          MR. MCCRUM:  Thank you, Your Honor.

2          MR. SANCHEZ:  Thank you, Your Honor.

3          THE COURT:  Thank you.

4          MS. FERKO:  Have a great afternoon.

5          THE COURT:  You too.

6       (Concluded at 1:53 p.m.)

7                          *  *  *

8   I certify that the foregoing is a correct transcript from the

9   record of proceedings in the above-entitled cause, to the best

10  of my ability.

11

12  /s/ *Kathy L. Metzger*                    *7-10-2014*
    Kathy L. Metzger                    Date
13  Official Court Reporter

14

15

16

17

18

19

20

21

22

23

24

25